# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIE THOMAS,<br><br>                        Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., as successor by merger to LASALLE BANK, N.A. as trustee for the MLMI TRUST SERIES 2006-RM2 and all PERSON UNKNOWN CLAIMING ANY ILLEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; TIMOTHY RYAN BAR NO. 178059; MICHAEL STOLZMAN BAR NO. 263423; PAUL GRAMMATICO BAR NO. 246380 and DOES 1 to 10, inclusive,<br><br>                        Defendant. | CASE NO. 12CV2475-GPC(WMC)<br><br>**ORDER *SUA SPONTE* DISMISSING COMPLAINT BASED ON RES JUDICATA; AND DENYING DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Dkt. Nos. 8, 11, 13.] |

On October 31, 2012, Defendant Bank of America, N.A.[1] ("BOA") as successor

---

[1] LaSalle Bank merged into and with Bank of America, N.A. on October 17, 2008. (Dkt. No 43, Ex. X at 3.)

by merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-RM2, filed a motion to dismiss. (Dkt. No. 8.) Defendants Timothy Ryan, Michael Stoltzman and Paul Grammatico[2] also filed a motion to dismiss. (Dkt. No. 11.) On November 6, 2012, Plaintiff filed a motion for summary judgment. (Dkt. No. 13.)

Plaintiff filed an opposition to both motions to dismiss on November 21, 2012. (Dkt. Nos. 15, 16.) Defendants filed their replies on January 11, 2013. (Dkt. Nos. 22, 23.) On December 21, 2012, Defendants filed an opposition to Plaintiff's motion for summary judgment. (Dkt. No. 17.) On January 4, 2013, Plaintiff filed a reply. (Dkt. No. 19.)

On March 28, 2013, the Court vacated the hearing date and directed the parties to file supplemental briefs on the issue of res judicata. (Dkt. No. 30.) On April 16, 2013, Plaintiff filed a supplemental brief and supporting documentation. (Dkt. No. 33.) On April 25, 2013, Defendants filed their supplemental brief and supporting documentation.[3] (Dkt. No. 35.) On June 4, 2013, Defendants filed a supplemental request for judicial notice of a recent ruling by the Court of Appeals on Plaintiff's appeal in state court. (Dkt. No. 43.)

## Background

In March 2006, Plaintiff obtained two loans from Resmae Mortgage Corporation ("Resmae") and both were secured by deeds of trust naming Mortgage Electronic Registration Systems, Inc. ("MERS") as "beneficiary" for the property located at 5048 Crescent Bay Drive, San Diego, California 92154. (Dkt. No. 8-3, Ds' RJN, Exs. A and B.) Within the first year, Plaintiff defaulted on these loans and a notice of default was

---

[2]Ryan, Stoltzman and Grammatico were attorneys for BOA in state court and are currently counsel for BOA in this action.

[3]On April 29, 2013, Plaintiff filed a request for judicial notice as to documents in opposition to Defendants' motions to dismiss. (Dkt. No. 37.) Defendants filed objections to the request for judicial notice on April 30, 2013. (Dkt. No. 38.) Plaintiff filed objections to Defendants' objections on May 2, 2013. (Dkt. No. 39.) On May 6, 2013, Defendants filed further objections to Plaintiff's objections. (Dtk. No. 40.) On May 8, 2013, Plaintiff filed further objections to Defendants' objections. (Dkt. No. 41.) The pending motions have been fully briefed as of January 11, 2013. Plaintiff did not seek leave of court to file additional documents in opposition to the motions to dismiss. Accordingly, the Court DENIES Plaintiff's request for judicial notice.

recorded with respect to the first position deed of trust on August 15, 2007. (Id., Ex. C.) On August 24, 2007, MERS assigned its beneficial interest in the foreclosing loan to LaSalle Bank, NA as Trustee for the MLMI Trust Series 2006-RM2 which was recorded on October 1, 2007. (Id., Ex. D.) Defendant LaSalle Bank, NA as Trustee for the MLMI Trust Series 2006-RM2 proceeded to name Quality Loan Service Corporation ("Quality") as the foreclosing trustee, as evidenced by a substitution of trustee recorded on November 21, 2007. (Id., Ex. E.) Quality then proceeded to foreclose and recorded a notice of trustee's sale on November 21, 2007. (Id., Ex. F.) The subject property was sold to Defendant La Salle Bank, N.A., as Trustee for the MLMI Trust Series 2006-RM2, at the trustee's sale, as shown by a trustee's deed upon sale recorded on May 5, 2008. (Id., Ex. G.) Subsequently, on October 17, 2008, LaSalle Bank, N.A. merged into and with BOA. (Dkt. No. 43, Ex. X at 3.)

**A.    Prior State and Federal Proceedings**

On January 26, 2009, Plaintiff filed a complaint in the San Diego Superior Court challenging the foreclosure in Case No. 37-2009-00073376-CU-OR-SC. On September 12, 2011, Plaintiff filed a second amended complaint against Defendants BOA, as successor by merger to LaSalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-RM2; Wilshire Credit Corporation; Mortgage Electronic Registration Systems ("MERS") and Quality Loan Service Corporation to set aside trustee's sale and to cancel trustee's deed; cancellation of recorded instruments; quiet title; and declaratory relief in the Superior Court of California, County of San Diego. (Id., Ex. I.) After the state court sustained Defendants' demurrer, judgment was rendered in favor of Defendant on November 28, 2011 and the action dismissed with prejudice. (Id., Ex. J.) On December 1, 2011, Plaintiff filed an appeal of this judgment to the Court of Appeals (Id., Ex. K.) On May 31, 2013, the Court of Appeal, Fourth Appellate District, Division One affirmed the judgment of the Superior Court in an eighteen page decision. (Dkt. No. 43, Ex. X.)

Subsequent to the foreclosure, on February 18, 2010, La Salle Bank, N.A., as

Trustee, for the MLMI Trust Series 2006-RM2 commenced an unlawful detainer case in the Superior Court of California, County of San Diego against Plaintiff in Case No. 37-2010-00030342. (Dkt. No. 35-3, Ds' Suppl. RJN, Ex. A.) On March 29, 2010, the Superior Court granted LaSalle's motion for summary judgment for unlawful detainer and issued a writ of possession. (Id., Exs. F, G.) The judgment was appealed to the Appellate Division of the Superior Court by Plaintiff. On November 28, 2012, the Appellate Division of the Superior Court dismissed the matter as moot since the property had been subsequently sold to a third party. (Dkt. No. 35-13, Ds' Suppl. RJN, Ex. K.)[4]

On December 27, 2011, Plaintiff then filed a case against LaSalle Bank, NA, as Trustee for the MLMI Trust Series 2006-RM2 in this Court to set aside trustee's sale and to cancel trustee's deed; for cancellation of recorded instruments, to quiet title; and for declaratory relief in case number 11cv3009-AJB(WVG). (Case No. 11cv3009-AJB(WVG)). An amended complaint was filed against BOA, as successor by merger to La Salle Bank, NA, as Trustee for the MLMI Trust Series 2006-RM2 on March 5, 2012. (Dkt. No. 8-3, Ds' RJN, Ex. L.) Defendant BOA filed a motion to dismiss based on the pending action in the Superior Court. (Id., Ex. M.) On September 7, 2012, at the motion hearing, Judge Bencivengo granted Defendants' motion to dismiss without prejudice and denied Plaintiff's motion for summary judgment and motion for reconsideration as moot. (Case No. 11cv3009-CAB(WVG), Dkt. No. 41.) The Court concluded that it lacked subject matter jurisdiction over the allegations asserted in the FAC. (Dkt. No. 44 at 2.) It also stated that even if subject matter jurisdiction could be established in a second amended complaint, because of the matters pending in state court similar to the matters in this court concerning disposition of his property, the

---

[4]On March 13, 2012, Plaintiff filed an unlawful detainer against Julian and Maria Flores, the subsequent purchasers of the property in case no. 37-2012-00075376-CU-UD-SC. (Dkt. No. 35-2, Ds' Suppl. RJN, Ex. L.) On April 27, 2012, the Superior Court granted defendants Julian and Maria Flores' motion for demurrer without leave to amend. (Id., Ex. Q.) A judgment of dismissal was filed on July 17, 2012. (Id., Ex. R.)

Court must abstain from hearing the matter when the state court has jurisdiction and had the issue first. (Id. at 3.) Judgment was entered in favor of Defendant Bank of America and against Plaintiff. (Id., Dkt. No. 42.)

One month after Judge Bencivengo dismissed Plaintiff's complaint in case no. 11cv3009, on October 12, 2012, Plaintiff filed the instant complaint in this Court alleging numerous causes of action on the same DOT and foreclosure proceedings against BOA, as successor by merger to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2006-RM2 and Defendants Ryan, Stoltzman and Grammatico, the attorneys who represented Defendant BOA in state court. The Complaint alleges the following causes of action:

1) False Claims Act, 31 U.S.C. § 3729(1)(A)(B)(C);
2) Conspiracy/Co-Conspiracy, 18 U.S.C. § 1028(a)(1)-(8), (b)(1)(A), & 18 U.S.C. § 241;
3) Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e)(2)(B), and (f);
4) Motion for Relief from Automatic Stay from Delaware Bankruptcy Court;
5) Punitive Damages as to all Defendants;
6) Declaratory Relief as to all Defendants;
7) Attorney's Fees;
8) RESPA Violation;
9) Felony Convictions for Aiding and Abetting;
10) Felony Conviction -False and Misleading Representations, 15 U.S.C. § 1692(e);
11) 42 U.S.C. § 1983.

(Dkt. No. 1.)

On April 1, 2013, based on the multiple case filings by Plaintiff in state and federal court and lack of documentation concerning these filings, the Court directed the parties to file supplemental briefs addressing whether res judicata applied to bar Plaintiff's complaint. On April 16, 2013, Plaintiff filed a supplemental brief and supporting documentation. (Dtk. No. 33.) On April 25, 2013, Defendants filed their

supplemental brief and supporting documentation. (Dkt. No. 35.) On June 4, 2013, Defendants filed a supplemental document regarding a recent ruling by the Court of Appeal affirming the judgment of the Superior Court sustaining Defendants' demurrer. (Dkt. No. 43.)

**Discussion**

**A.     Requests for Judicial Notice**

Defendants filed requests for judicial notice as to documents filed in the San Diego County Recorder's Office or filings in state and in this court. Plaintiff has filed objections to them. The Court finds that the documents are all part of the public record and may be judicially noticed. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006). Accordingly, the Court GRANTS Defendants' request for judicial notice and supplemental request for judicial notice. (Dkt. Nos. 8, 35.)

**B.     Res Judicata**

A court may *sua sponte* consider the doctrine of res judicata. McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986); Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993); Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 329 (9th Cir. 1995). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we "give the same preclusive effect to a state-court judgment as another court of that State would give." Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523 (1986). Federal courts must give a state court judgment the same preclusive effect as would be given to that judgment under the law of the State in which the judgment was rendered. Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984); see also Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) (federal court should determine the preclusive effect of a [earlier] state court judgment [through reference] to the law of the State in which judgment was rendered); Pension Trust Fund v. Triple A Mach. Shop, 942 F.2d 1457, 1460 (9th Cir. 1991) (examining California law for purposes of determining res judicata effect of an earlier California state court

judgment). To determine the preclusive effect of a state court judgment, federal courts look to state law. <u>Palomar Mobilehome Park Ass'n v. City of San Marcos</u>, 989 F.2d 362, 364 (9th Cir. 1993).

Collateral estoppel, also known as "issue preclusion," "precludes relitigation of issues argued and decided in prior proceedings." <u>Mycogen Corp. v. Monsanto Co.</u>, 28 Cal. 4th 888, 896 (2002) (citation omitted). Res judicata, also referred to as "claim preclusion" "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." <u>Id.</u> Under res judicata, a single cause of action must be decided in one suit and if not brought initially, they may not be raised in a subsequent case. <u>Id.</u> at 897.

California recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated. <u>Palomar Mobilehome Park Ass'n</u>, 989 F.2d at 364; <u>see also</u> <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981). In California, "a [1] valid, final judgment on the merits is a bar to a subsequent action by [2] parties or their privies [3] on the same cause of action." <u>Sargon Enters., Inc. v. Univ. of S. California</u>, 215 Cal. App. 4th 1495, 1508 (2013) (citing <u>Mycogen Corp. v. Monsanto Co.</u>, 28 Cal.4th 888, 896 (2002)).

At issue for purposes of res judicata are two state court actions: 1) the unlawful detainer proceeding filed by LaSalle Bank, predecessor to BOA, against Plaintiff; and 2) the wrongful foreclosure/quiet title proceeding filed by Plaintiff against BOA.

**A.  Final Judgment on the Merits**

"[I]n order for res judicata or collateral estoppel to apply there must be a final judgment or determination of an issue; that is, a judgment or determination that is final in the sense that no further judicial act remains to be done to end the litigation." <u>People v. Scott</u>, 85 Cal. App. 4th 905, 919 (2000). A judgement entered after the sustaining of a general demurrer is a judgment on the merits. <u>Palomar Mobilehome Park Ass'n</u>, 989 F.2d 362, 364. (9th Cir. 1993). Moreover, a judgment entered against a borrower

judgment). To determine the preclusive effect of a state court judgment, federal courts look to state law. <u>Palomar Mobilehome Park Ass'n v. City of San Marcos</u>, 989 F.2d 362, 364 (9th Cir. 1993).

Collateral estoppel, also known as "issue preclusion," "precludes relitigation of issues argued and decided in prior proceedings." <u>Mycogen Corp. v. Monsanto Co.</u>, 28 Cal. 4th 888, 896 (2002) (citation omitted). Res judicata, also referred to as "claim preclusion" "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." <u>Id.</u> Under res judicata, a single cause of action must be decided in one suit and if not brought initially, they may not be raised in a subsequent case. <u>Id.</u> at 897.

California recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated. <u>Palomar Mobilehome Park Ass'n</u>, 989 F.2d at 364; <u>see also</u> <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981). In California, "a [1] valid, final judgment on the merits is a bar to a subsequent action by [2] parties or their privies [3] on the same cause of action." <u>Sargon Enters., Inc. v. Univ. of S. California</u>, 215 Cal. App. 4th 1495, 1508 (2013) (citing <u>Mycogen Corp. v. Monsanto Co.</u>, 28 Cal.4th 888, 896 (2002)).

At issue for purposes of res judicata are two state court actions: 1) the unlawful detainer proceeding filed by LaSalle Bank, predecessor to BOA, against Plaintiff; and 2) the wrongful foreclosure/quiet title proceeding filed by Plaintiff against BOA.

**A.  Final Judgment on the Merits**

"[I]n order for res judicata or collateral estoppel to apply there must be a final judgment or determination of an issue; that is, a judgment or determination that is final in the sense that no further judicial act remains to be done to end the litigation." <u>People v. Scott</u>, 85 Cal. App. 4th 905, 919 (2000). A judgement entered after the sustaining of a general demurrer is a judgment on the merits. <u>Palomar Mobilehome Park Ass'n</u>, 989 F.2d 362, 364. (9th Cir. 1993). Moreover, a judgment entered against a borrower

in an unlawful detainer action along with the issuance of writ of possession constitute a final judgment on the merits. See Castle v. Mortgage Electronic Registration Systems, Inc., No. EDCV 11-538 VAP(DTBx), 2011 WL 3626560, at *4 (C.D. Cal. Aug. 16, 2011).

Two state court actions were adjudicated for purposes of res judicata. First, the Superior Court sustained Defendants' demurrer to Plaintiff's first amended complaint challenging the foreclosure of his property based on Defendants' lack of standing to foreclose on the property based on irregularities in the foreclosure process. On May 31, 2013, the Court of Appeal affirmed the judgment of the Superior Court addressing Plaintiff's arguments on the merits in an eighteen page decision. (Dkt. No. 43, Ex. X.)

Second, LaSalle Bank, predecessor to BOA, filed an unlawful detainer action against Plaintiff. On March 29, 2010, the Superior Court granted LaSalle's motion for summary judgment on the unlawful detainer action and issued a writ of possession. While Plaintiff appealed the judgment to the Appellate Division of the Superior Court, it was dismissed as moot as the property had been sold to a third party.

It is clear that both of these proceedings constitute final adjudication on the merits for purposes of res judicata.

**B.     Identity of Claims**

In assessing claim preclusion, California courts examine whether the two actions concern a single cause of action under the primary rights theory. Mycogen, 29 Cal. 4th at 904. Under the primary rights theory, a cause of action consists of "1) a primary right possessed by the plaintiff, 2) a corresponding primary duty devolving upon the defendant, and 3) a delict or wrong done by the defendant which consists in a breach of such primary right and duty." Gamble v. General Foods Corp., 229 Cal. App. 3d 893, 898 (1991); Branson v. Sun-Diamond Growers, 24 Cal. App. 4th 327, 340-41 (1994).

Thus, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." Mycogen, 29 Cal.

4th at 897. "If an action involves the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit, the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983) (internal citations omitted); Manufactured Home Comm. v. City of San Jose, 420 F.3d 1022, 1032 (9th Cir. 2005) ("Different theories of recovery are not separate primary rights."). "A single cause of action is based on the harm suffered, rather than the particular legal theory asserted or relief sought by the plaintiff." Gamble v. General Foods Corp., 229 Cal. App. 3d 893, 899 (1991); Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles, 126 Cal. App. 4th 1180, 1202 (2004).

Generally, an unlawful detainer action is given limited res judicata effect because it is a summary proceeding limited to resolution to the question of possession. Malkoskie v. Option One Mort. Corp., 188 Cal. App. 4th 968, 973 (2010). In Malkoskie, the court noted that because the purchaser asserted that it "duly perfected" legal title obtained in the nonjudicial foreclosure sale, "the validity of the [purchaser's] title *had* to be resolved in the unlawful detainer action." Id. at 974 (emphasis in original). Therefore, plaintiff's argument in a subsequent proceeding that the purchaser had no valid legal title in the sale was precluded based on res judicata. Id. at 975. The court in Malkoskie held that "the unlawful detainer judgment has claim preclusive effect in this action challenging the validity of Wells Fargo's title." Id. The court concluded that the claims for declaratory relief, quiet title, cancellation of trustee's deed, willful wrongful foreclosure, negligent wrongful foreclosure, wrongful eviction and negligence were precluded as a matter of law by the unlawful detainer judgment.

In an unlawful detainer proceeding, res judicata applies where there has been an opportunity for a full and fair litigation of the claim or issue before the unlawful detainer court. Vella v. Hudgins, 20 Cal.3d 251, 256-257(1977). "[F]ull and fair" litigation of an affirmative defense . . . if it is raised . . . and if a fair opportunity to litigate is provided will result in a judgment conclusive upon issues material to that

defense." Id.

Similarly, in following the holding in Malkoskie, the district court in Castle held that an unlawful detainer action obtained by default judgment was res judicata to the complaint alleging wrongful foreclosure; wrongful eviction; quiet title and unfair business practices. Castle, 2011 WL 3626560 at 5-6. "Although most issues unrelated to possession can be raised in a subsequent action between the parties, the issue of the irregularity of the foreclosure or execution sale is barred by a judgment in an unlawful detainer action."[5] Id. (citation omitted).

In this case, there were two state court final judgment on the merits. The question is whether the Superior Court judgments in the unlawful detainer action and the appellate court's judgment affirming the state court's sustaining of Defendants' demurrer on Plaintiff's first amended complaint for wrongful foreclosure based on irregularities in the chain of title preclude Plaintiff from challenging the validity of the foreclosure and trustee's sale in this action based on the fact that the Lender, Resmae was in bankruptcy during the foreclosure. In the instant complaint, Plaintiff contends that BOA had no authority to foreclose on Plaintiff's property because Resmae, the original lender, was in Chapter 11 bankruptcy at the time of the foreclosure in August 2007 and Defendants did not receive prior authorization to foreclose from the Delaware Bankruptcy Court. (Dkt. No. 1, Compl. at 22.) Specifically, he contends that MERS

---

[5]"Courts consistently have held that such claims may not be relitigated following the entry of judgment in an unlawful detainer action. See Ann v. Tindle, 321 Fed. Appx. 619, 619–20 (9th Cir. 2009) (holding an earlier unlawful detainer action was res judicata to plaintiff's breach of contract and civil rights claims because the claims "concern[ed] the same primary right as the unlawful detainer action ...: [plaintiff's] rights to the apartment."); Dancy v. Aurora Loan Servs., No. C 10–2602 SBA, 2011 WL 835787, at *4–6 (N.D. Cal. Mar. 4, 2011) (holding an earlier unlawful detainer action was res judicata to plaintiff's action to quiet title); Carter v. U.S. Bank N.A., No. 10CV2365 DMS (POR), 2011 WL 1004830, at *3 (S.D. Cal. Mar.18, 2011) (same as to plaintiff's claims to set aside the trustee's sale and cancel the trustee's deed); Lai, 2010 WL 3419179, at *3–6 (same as to plaintiff's claims to void or set aside the deed of trust and foreclosure sale); Velasquez v. U.S. Bank Nat'l Ass'n, No. CV 09–1104 PSG (AJWx), 2009 WL 1941807, at *2–3 (C.D. Cal. July 1, 2009) (same as to plaintiff's action to quiet title); Malkoskie, 188 Cal.App.4th at 972–73, 115 Cal.Rptr.3d 821; cf. Albano, 244 F.3d at 1064 (holding a default judgment in a foreclosure action was res judicata to borrowers' later-filed TILA claim under Hawaii law)." Castle, 2011 WL 3626560, at 8.

did not have authorization to assign the DOT while Resmae was in Chapter 11 bankruptcy and did not receive authorization from the bankruptcy court to proceed with the foreclosure. (Id.)

The primary right is Plaintiff's property right to the subject property. The harm for which Plaintiff sought relief in state court is the same harm for which he now seeks to hold defendants liable which is the foreclosure of his property. The alleged wrong by Defendants is that Defendants wrongfully foreclosed on his property. The actions in state court and this court concern the same property, same deed of trust and same foreclosure sale. The fact that Plaintiff raises new theories for relief is not relevant for purposes of claim preclusion. Through different court proceedings, Plaintiff has been seeking relief for the alleged wrongful foreclosure of the property.

In the unlawful detainer case, the Court granted Defendants' motion for summary judgment concluding that the Bank had obtained valid record title pursuant to the nonjudicial foreclosure sale that had been conducted pursuant to the statute. The Court found as a matter of law that LaSalle Bank established all elements of an unlawful detainer. Therefore, "the validity of the foreclosure process, trustee's sale and [defendant's] acquisition of the property were all encompassed by the Unlawful Detainer Action." Castle, 2011 WL 3626560, at 7. Similar to Castle, Plaintiff disputes title and ownership to the Property based on an invalid transfer. Plaintiff's defense of irregularities in the foreclosure based on the allegation that Resmae did not have authority to proceed as it was in Bankruptcy proceedings was an issue that could have been raised in the unlawful detainer action since it concerns whether LaSalle had valid legal title.

Moreover, the quiet title action addressed the merits of the irregularities of the foreclosure based on improper transfer of the DOT and Note to LaSalle. The court of appeals affirmed the state court's judgment in favor of LaSalle Bank. The state court complaint sought to set aside trustee's sale and to cancel trustee's deed; cancellation of recorded instruments; quiet title and for declaratory relief for a declaration to quiet

title in him, and restoring title to the real property to Plaintiff free and clear from defendants. (Dkt. No. 8, Ds' RJN, Ex. I, SAC ¶ 71.) Plaintiff could have also raised the issue of Resmae being in bankruptcy in these proceedings.

The Court concludes that Plaintiff's new claims in this Court arise from the same foreclosure process and same foreclosure documents as the state court actions. All causes of action, except the FDCPA and criminal causes of action, concern Defendants' lack of authority to foreclose since no authorization to foreclose was received from the Delaware Bankruptcy Court. Therefore, these claims are barred by res judicata.

As to the FDCPA claim, Plaintiff alleges that BOA admitted that it did not have a debt for the plaintiff and has not shown how Plaintiff owes a debt to LaSalle Bank which BOA acquired in October 2007. (Dkt. No. 1, Compl. at 13.) Then he further claims that despite his requests, BOA has failed to verify the debt and submit any documents showing the Plaintiff owed BOA a debt. (Id.) The Court concludes the allegations as to the underlying debt owed to BOA/LaSalle Bank could have been brought in the quiet title action where Plaintiff was challenging the underlying debt and are barred by res judicata.

Plaintiff further alleges criminal causes of action against Defendants Timothy Ryan, Michael Stoltzman and Paul Grammatico because they engaged in aiding and abetting their client in taking Plaintiff's home. (Id. ¶ 16.) Generally, criminal statutes do not give rise to civil liability. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability for relief under 18 U.S.C. § 241.) Therefore, Plaintiff has failed to allege a cognizable claim for conspiracy/co-conspiracy pursuant to 18 U.S.C. § 1028 & 18 U.S.C. § 241 and felony convictions for aiding and abetting.

The Court concludes that there is an identity of claims between the two state court actions and this action.

**C.   Parties in Privity**

Defendants must show that the parties in each case are identical or in privity with each other. Mycogen Corp., 28 Cal. 4th at 896. Specifically, "[i]n order for res

judicata to apply, the party against whom the defense is asserted must have been 'a party or was in privity with a party to the prior adjudication.'" Consumer Advocacy Grp., Inc., v. ExxonMobil, Corp., 168 Cal. App. 4th 675, 689 (2008). Privity may exist, even when the parties are not identical, if "there is a substantial identity between parties, that is, when there is sufficient commonality of interest." Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1081 (9th Cir. 2003) (internal quotation marks and citation omitted). In Plymire, the Ninth Circuit held that the district court correctly held that defendant attorneys were in privity with defendants as their respective attorneys during the state court proceedings and properly held that the claims against them were barred by res judicata. Plymire v. Cahill, 243 F.3d 549 (9th Cir. 2000) (unpublished).

Here, Plaintiff and BOA and/or LaSalle Bank as predecessor to BOA were all parties in the state court cases and are parties in this case; however, Defendants Stoltzman, Grammatico and Ryan in this case were not parties to the state court cases. They were the attorneys for BOA on appeal of the state court action seeking to quiet title. Accordingly, the Court concludes the attorney Defendants are in privity with BOA as they were the attorneys who prosecuted the action for BOA in state court. See id.

## Conclusion

Based on the above, the Court concludes that res judicata bars Plaintiff's claims in the complaint. Accordingly, the Court *SUA SPONTE* DISMISSES the complaint with prejudice based on res judicata; DENIES Defendants' motions to dismiss; and DENIES Plaintiff's motion for summary judgment. The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED: August 5, 2013

HON. GONZALO P. CURIEL
United States District Judge